UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 12-309(DSD/JJK)

United States of America,

        Plaintiff,

v.                                    **ORDER**

Khemall Jokhoo,

        Defendant.


This matter is before the court upon the motion by defendant Khemall Jokhoo to revoke or amend the March 7, 2013, detention order issued by Magistrate Judge Janie S. Mayeron. Based on a de novo review of the file, record and proceedings herein, and for the following reasons, the court denies the motion.


**BACKGROUND**

On December 18, 2012, a 35-count indictment charged Jokhoo with bank fraud, mail fraud, wire fraud, aggravated identity theft and false personation of an officer or employee of the United States. See ECF No. 1. On January 16, 2013, Jokhoo was released on bond. Conditions of release included, among other things, that Jokhoo surrender his passport, maintain residence at a halfway house and refrain from possessing or using a telephone or having any access to a telephone outside of the supervision of halfway

house staff.  ECF No. 10 ¶ 7.  On February 22, 2013, an order to show cause was issued, and a detention hearing scheduled.  See ECF No. 23.

At the February 28, 2013, detention hearing, Probation Officer Krystal Harris testified that Jokhoo was unaccountable several times during his stay at the halfway house, repeatedly made unauthorized telephone calls, lied to and deceived halfway house staff and has made no effort to locate and surrender his passport. Based on this testimony, the magistrate judge ordered Jokhoo detained, finding that (1) he violated the conditions of his release, (2) no conditions or combination of conditions would assure his appearance and the safety of the community and (3) he was unlikely to abide by any condition or combination of conditions of release.  On March 11, 2013, Jokhoo moved to amend or revoke the detention order.[1]

**DISCUSSION**

The court reviews a detention order de novo.  18 U.S.C. § 3145(b); United States v. Maull, 773 F.2d 1479, 1481 (8th Cir. 1985) (en banc).  In a de novo review, the court may rely on the

---

[1] Jokhoo does not contest the magistrate judge's finding that he violated the conditions of his release.  Rather, he objects only to "the findings that there are no conditions or combination of conditions that will reasonably assure the safety of any other person and the community."  Def.'s Mem. Supp. 1.

record of the proceedings before the magistrate judge.[2]  Maull, 773 F.2d at 1481-82; accord United States v. Colombo, 777 F.2d 96, 98 (2d Cir. 1985); United States v. Delker, 757 F.2d 1390, 1395-96 (3d Cir. 1985).

A court may revoke a defendant's pretrial release if there is "clear and convincing evidence that the person has violated any ... condition of release" and "there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person in the community; or the person is unlikely to abide by any condition or combination of conditions of release."  18 U.S.C. § 3148.  In determining whether such conditions exist, the court considers the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant;[3] and (4) the nature and seriousness of the danger to any person or the community posed by the defendant's release.  See id. § 3142(g).

Jokhoo does not contest that he violated the terms of his release.  Instead, he argues that there is a combination of

---

[2] In conducting its de novo review, the court has reviewed the audio recording of the February 28, 2013, detention hearing.

[3] Considerations include the defendant's "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings."  18 U.S.C. § 3142(g)(3)(A).

3

conditions that will assure the safety of the community - namely, placement in another halfway house or treatment facility. Specifically, Jokhoo argues that he always returned to the halfway house after being unaccountable, was given no opportunity to search for his passport, made telephone calls only to family members, is not charged with a crime of violence and has not been charged with any additional crimes.  The court finds these arguments unpersuasive and notes that Jokhoo repeatedly and consistently violated the conditions of his release.  Moreover, these violations were of a serious and intentional nature.  As a result, the court concludes that Jokhoo is unlikely to abide by any additional condition of release or combination of conditions of release. Further, the court concludes that there is no condition or combination of conditions that will reasonably assure Jokhoo's appearance and the safety of the community, as the deceptive nature of his violations mirrors the underlying charged criminal behavior.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the motion for revocation or amendment of the March 11, 2013, detention order [ECF No. 30] is denied.

Dated:  April 1, 2013

s/David S. Doty
David S. Doty, Judge
United States District Court